IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv105

| | |
|---|---|
| RITA KIMBERLY KOCHENSPARGER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> **Commissioner of Social Security,** ) <br> ) <br> Defendant. ) <br> _____ ) | **MEMORANDUM AND ORDER** |

Pending before the Court is Plaintiff's Motions for Summary Judgment [# 16]. The Court **STRIKES** the Motion for Summary Judgement [# 16] and Memorandum in Support of Motion for Summary Judgment [# 17]. In addition, the Court **RECOMMENDS** that the District Court **DISMISS without prejudice** this action.

**I.   Analysis**

**A.   Plaintiff Failed to Comply with an Order of the Court**

Recently, this Court warned counsel for Plaintiff in a Memorandum and Recommendation entered in <u>Pyles v. Astrue</u>, as follows:

The Court notes that counsel for Plaintiff has numerous social security appeals pending before the Court. In many of these cases, counsel has

> filed similar briefs that lack citations to legal authority and fail to clearly articulate the alleged errors committed by the ALJ. The Court warns counsel that going forward, the Court will consider striking any brief submitted by counsel in a social security case that does not separately set forth each alleged error and contain legal authority supporting each of the claimant's alleged errors.

Pyles v. Astrue, No. 1:11cv116, slip. op. at 6-7 n.2 (W.D.N.C. Mar. 19, 2012) (Howell, Mag. J.). Plaintiff is represented by the same counsel in this case, V. Lamar Gudger, III, Esq. Like in Pyles, Plaintiff filed a Memorandum in Support of his Motion for Summary Judgment that failed to cite legal authority supporting each of his alleged errors. Accordingly, the Court struck Plaintiff's Motion for Summary Judgment [# 11] and Memorandum in Support of Motion for Summary Judgment [# 12]. (Order Striking Mot. Summ. J., Mar. 22, 2012.) The Court granted Plaintiff twenty (20) days to submit a new motion and supporting brief.

On April 11, 2012, Plaintiff submitted a new motion and brief. The brief, however, is virtually identical to the prior brief. The only recognizable changes are that Plaintiff: (1) altered the first sentence to recognize that the motion was filed in response to the Court's March 22, 2012, Order; (2) added the "citation" "[s]ee, e.g. the standard set out in 20 C.F.R.§ 404.1527(d) for providing weight to the opinions of treating clinicians[;]" and (3) added the statement "and the opinion of Dr. Leistang should have been giving weight as required by 20 C.F.R. §

404.1527(d), which the ALJ failed to do." Plaintiff still fails to cite the Court to a single case from any jurisdiction supporting Plaintiff's legal argument as to each of his assignments of error. In fact, the second assignment contains no citations whatsoever.

By resubmitting essentially the same brief to the Court, Plaintiff has, once again, simply thrown words on the page without any supporting authority with the hope that this Court will do the job of Plaintiff's counsel and determine whether any law supporting Plaintiff's argument exists. As the Court warned Plaintiff in its prior Orders, this type of conduct from counsel will not be tolerated in this Court. By resubmitting essentially the same legal brief to this Court, Plaintiff has flagrantly and intentionally disregarded an Order of this Court. Accordingly, the Court **STRIKES** the Motion for Summary Judgement [# 16] and Memorandum in Support of Motion for Summary Judgment [# 17] for failing to comply with a lawful Order of this Court.

B. **The District Court Should Dismiss this Action without Prejudice**

It is now well settled that a district court has the inherent power to sanction conduct that constitutes an abuse of the judicial process. Hensley v. Alcon Labs., Inc., 277 F.3d 535, 542 (4th Cir. 2002); Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001); United States v. Shaffer Equip. Co., 11 F.3d 450, 461-62

(4th Cir. 1993). "The policy underlying this inherent power of the courts is the need to preserve the integrity of the judicial process in order to retain confidence that the process works to uncover the truth." Silvestri, 271 F.3d at 590. The most powerful sanction in the district court's quiver is its inherent power to dismiss a case with prejudice. Shaffer, 11 F.3d at 462; Hensley, 277 F.3d at 542. "Since orders dismissing actions are the most severe, such orders must be entered with the greatest caution." Shaffer, 11 F.3d at 462.

As previously, discussed, Plaintiff has abused the judicial process by failing to comply in good faith with an Order of this Court. By resubmitting a virtually identical pleading in response to this Court's Order directing Plaintiff to file a new brief, Plaintiff has intentionally and flagrantly abused the judicial process and flaunted the power of this Court. Moreover, by flooding this Court with motions - bordering on the frivolous - containing few, if any, legal citations supporting the claims for relief, counsel for Plaintiff is wasting judicial resources, clogging the docket of this Court, preventing the Court from addressing the numerous substantive and pertinent motions on its dockets, and hindering the "just, speedy, and inexpensive determination of every action and proceeding" as contemplated by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 1.

The Court has provided counsel for Plaintiff multiple opportunities and

warnings to comply with the Court's Orders, but counsel has flaunted the power of this Court by adding two sentences to its prior brief in response to these Orders and warnings. Upon a review of the record, the Court finds that a dismissal without prejudice of this action is appropriate. In addition, the Court **RECOMMENDS** that Plaintiff not be allowed to re-file this action until either Plaintiff or counsel for Plaintiff pays the Commissioner his reasonable expenses, including attorney fees incurred in defending this action. Simply allowing Plaintiff to re-file this action is not a significant enough sanction because it does not adequately punish the conduct of Plaintiff's counsel for the intentional and deliberate abuse of the judicial process, does not deter Plaintiff's counsel from continuing to file similar pleadings in the future, and does not protect the public interest in ensuring that the Court's dockets are not clogged with frivolous pleadings by a single attorney.[1] See Shaffer, 11 F.3d at 463. Accordingly, if the District Court follows the recommendation of this Court and dismisses this case, the District Court should

---

[1] A district court may only dismiss an action with prejudice upon a finding of bad faith or similar abuse of the judicial process. Hensley, 277 F.3d at 542. To aid district courts in wielding their inherent power, the Fourth Circuit has set forth six factors that courts must consider prior to dismissing a case with prejudice. Id. Although the Court finds that counsel has abused the judicial process at a level that is "inconsistent with the orderly administration of justice or undermines the integrity of the process," the Court also finds that the lesser sanction of dismissal without prejudice plus the payment of fees prior to refiling is a more appropriate sanction after considering the six factors. Shaffer, 11 F.3d at 462.

direct the Commissioner to submit a request for fees with supporting affidavits so that the Court can determine what about Plaintiff must pay if she seeks to re-file this action.

Finally, the Court **INSTRUCTS** counsel for Plaintiff that if he continues to fail to comply with this Court's Orders in Social Security cases, the Court will consider further sanctions, which may include dismissing future actions with prejudice or even prohibiting his practice before this Court in Social Security cases until he completes a specific number of continuing legal education hours with the state bar.

## II.     Conclusion

The Court **STRIKES** the Motion for Summary Judgement [# 16] and Memorandum in Support of Motion for Summary Judgment [# 17].  In addition, the Court **RECOMMENDS** that the District Court **DISMISS without prejudice** this action.  In the Alternative, the Court **RECOMMENDS** that the District Court consider Plaintiff to have waived all the alleged assignments of error by the ALJ by failing to comply with this Court's Order and **GRANT** the Commissioner's Motion for Summary Judgment.

Signed: April 19, 2012

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).